[No. 11406.  In Bank.—December 2, 1887.]

ROBERT H. STRONG, RESPONDENT, *v.* WILL STAPP.  J. J. MACK ET AL., INTERVENORS AND APPELLANTS.

PARTNERSHIP — DISSOLUTION BY WRONGFUL ACT OF PARTNER — ELECTION — PRIORITY OF CREDITORS. — A member of a partnership has a right to elect to treat the partnership dissolved by reason of the wrongful acts of his copartner, when the latter, without his knowledge or consent, secretly disposes of the good-will of the business and the greater part of the firm assets, and removes with the balance to another state, where he engages in business for himself.  After such dissolution, one who sells goods on credit to the latter, relying entirely upon his individual responsibility, and without knowledge of the previous partnership, cannot hold the former partner liable as such; nor have his rights as an individual creditor of the latter any priority over the similar rights of the former partner.

ID. — PLEADING. — An allegation in the complaint of intervention that the partnership previously existing between the plaintiff and defendant had never been dissolved, *held,* to be denied by the answer.

APPEAL from a judgment of the Superior Court of San Luis Obispo County, and from an order refusing a new trial.

The facts are stated in the opinion.

*J. M. Wilcoxon,* and *William Shipsey,* for Appellants.

*Venable & Goodchild,* and *W. H. Spencer,* for Respondent.

*Ernest & William Graves,* and *J. N. Turner,* for Defendant.

FOOTE, C.—This action was instituted by Strong, and an attachment was issued, and levied upon the property of Stapp.

Mack & Co. intervened, demanding a judgment against both Strong and Stapp for a certain amount of money, and praying that the goods thus attached might be subjected to the payment of that judgment.

The court rendered judgment by default against Stapp, and in favor of Strong; and the latter had judgment also given in his favor against the intervenors, Mack & Co., that they take nothing by their complaint, and for costs, etc.

From that judgment, and an order denying their motion for a new trial, the intervenors have appealed.

An inspection of the pleadings leads us to the conclusion that all of the material allegations of the complaint of intervention are denied by the answer thereto.

Nor do we perceive, as is claimed, that the latter pleading admits the partnership was never dissolved which is alleged by the complaint to have existed in Missouri between Strong and Stapp. On the contrary, it appears to us to be alleged in the answer of Strong that Stapp sold out the goods, good-will, business, etc., in Missouri, and left that state *without Strong's knowledge and consent,* taking with him to California the proceeds of the sale and a portion of the stock of goods remaining unsold, and that Strong had no knowledge for a considerable period of time after Stapp had left Missouri where he had gone.

All that the answer contains which in any manner can be said, even in the remotest degree, to resemble an admission that the partnership was not dissolved after such action on the part of Stapp, is where the statement occurs (after the recital of his acts in selling out in

Missouri without the knowledge or consent of Strong) that there was otherwise no dissolution of the partnership.

It is clear that the answer of Strong most unequivocally negatives the declarations of the intervenors' complaint that the partnership was not dissolved when Stapp sold out and left Missouri. Such is the clear import of the language of the former's pleading; and it cannot, as we think, be held to contain any admission on the part of Strong that the partnership was not dissolved by the wrongful acts of Stapp.

It is evident from the recitals of the answer to the intervenors' complaint, from the findings of the court, and the evidence as it appears in the record, that Stapp sold out the largest part of the stock of goods, good-will of the business, etc., and removed to California, bringing some of the partnership goods with him, without the knowledge or consent of Strong, and set himself up in business here under his own name, buying goods from Mack & Co. on his own sole credit. But the intervenors contend that such acts of Stapp did not work a dissolution of the partnership as it had existed in Missouri; that between Stapp and Strong it still existed, and that Strong's claim was therefore subordinate to theirs, which they assert was entitled to prior satisfaction out of the stock of goods upon which the attachment had been levied.

If Strong had agreed to the sale in Missouri, and had consented that the partnership there existing should be continued in California, we could perceive merit in the intervenors' contention. But according to the record, the wrongful acts of Stapp toward Strong induced the latter to exercise his right of election and treat the partnership which had existed in Missouri as having been dissolved. And it was not renewed in California. Strong sought out Stapp in the latter state, at his earliest opportunity after ascertaining his whereabouts, and induced him to give a promissory note for the payment of a *bona*

*fide* debt, afterward proceeding to attach the stock of goods in Stapp's possession, a part of which had been purchased from the intervenors at a time when they had no knowledge of Strong, or that he was or ever had been Stapp's partner, they having given the whole credit to Stapp, as an individual doing business solely in his own name and for his own benefit, and without even a suspicion that Strong could be held responsible for any indebtedness of Stapp.

The theory of the intervenors, as we understand it, seems to be based upon the idea that the acts of Stapp were not wrongful, did not work a dissolution of the partnership, and did not authorize Strong to treat the partnership as dissolved, and himself a creditor of Stapp. And that being still a partner of Stapp in California, Strong should not be permitted to set up his claim against that of the intervenors, and have it satisfied by a sale of the attached goods before the intervenors should have their debt, due from Stapp, paid in full from the same source, notwithstanding the fact that their goods were sold to Stapp without Strong being known to them in any way as a partner of Stapp, and without Strong knowing of the sale or claiming to be a partner.

As it appears to us, Strong has done nothing to make himself liable in any way for Stapp's purchases in California; he has a right as a creditor to collect his debt, if he can, just as Mack & Co. have, and it was a mere question of diligence in the present matter as to which should first obtain satisfaction of his or their demand. Strong has first attached, and we see nothing in the record which should postpone his rights to those of Mack & Co., who intervened.

We perceive no prejudicial error, and the judgment and order should be affirmed.

BELCHER, C. C., and HAYNE, C., concurred.

The COURT.— For the reasons given in the foregoing opinion, the judgment and order are affirmed.